UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FABIO MARTINEZ,

                              Plaintiff,

                                                          **COMPLAINT**

            -against-                                     Jury Trial

THE CITY OF NEW YORK, CARINA HERRERA,
OLGA PERALTA, JOHN DOE, RICHARD ROE 1-5,

                              Defendants.

-------------------------------------------------------------------X

        Plaintiff FABIO MARTINEZ by and through his attorneys, Vik Pawar,

and Robert Blossner, Esqs., respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for compensatory damages, punitive damages

and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988 for violations of

his civil rights, as secured by statutes and the Constitution of the State of New York and

the United States.

## JURISDICTION

        2.      The action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and

1988, and the First, Fourth, Sixth and Fourteenth Amendments to the United States and

New York Constitutions.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.  Plaintiff has

complied with conditions precedent to file suit on his state law claims.

## VENUE

4.       Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.       Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.       Plaintiff is a citizen of the United States, and at all relevant times was a resident of the County of New York, City and State of New York.

7.       Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.       The Individual Defendants are officers who acted under the color of state law and are sued in their individual, supervisory and official capacities.  To the extent, the individual defendants claim they were not acting under the color of state law, they are sued in their individual capacities.

## FACTS

9.       On March 29, 2015 around 3:30 p.m., plaintiff was inside of a meat market near his home in the neighborhood shopping and talking with friends.

10.       Plaintiff is a 72 year old grandfather who has never been arrested before.

11.     As plaintiff completed his shopping and chatting with his friends, he noticed defendant Olga Peralta (upon information and belief a NYPD police officer) shopping at the market.

12.     Plaintiff was about to check-out when he noticed that defendant Olga left the market and came back shouting that she had "lost her phone."

13.     Plaintiff finished his shopping and walked home which was about four blocks away from the market.

14.     As soon as plaintiff got home, he received a call from Olga's husband, defendant John Doe (who upon information and belief is also a NYPD officer).

15.     Defendant John Doe requested that plaintiff come back to the market.

16.     Plaintiff had known defendant John Doe since the defendant was a young kid.

17.     Plaintiff had no idea why defendant John Doe wanted him to come back to the market.

18.     When plaintiff arrived, defendants Olga and John Doe falsely accused plaintiff of stealing defendant Olga's phone.

19.     Plaintiff was shocked and surprised and denied the false and baseless allegations.

20.     Other individuals at the market who were seen with plaintiff earlier that day also denied that plaintiff had done anything wrong.

21.     However, defendants Olga and John Doe refused to let plaintiff leave the premises and called the nearest precinct where they were then employed.

22.     Several cop cars arrived on the scene and defendants Olga and John Doe falsely told defendant Herrera that plaintiff had stolen Olga's phone.

23.     Defendant Herrera instead of conducting an independent investigation of her own, simply believed her fellow officers and arrested plaintiff for petit larceny.

24.     Plaintiff was transported to the precinct around 6 p.m.

25.     Upon information and belief, defendant Olga realized soon after plaintiff was taken away in handcuffs that she had mistakenly left her phone in her vehicle and it was not in fact stolen.   However, defendants Herrera, Olga and John Doe kept this information to themselves to avoid facing disciplinary and other charges.

26.     Plaintiff arrived at the 34th precinct and informed defendants about his medical condition of diabetes and hypertension.

27.     However, defendants ignored his condition.

28.     Plaintiff was transported to Court around 3 a.m., (nearly 9 hours after his arrest) only to be brought back because the "court was closed."

29.     Plaintiff was again taken to court at 8 a.m., and finally released ROR at 5 p.m. after spending more than 24 hours in police custody.

30.     Plaintiff continued to fight the false charges against him and the DA eventually moved to dismiss all charges against plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
(Unlawful seizure/false arrest/excessive force and unlawful imprisonment)

31.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

32.     Plaintiff was stopped, frisked and arrested for no reason.

33.     Plaintiff suffered injuries when he was arrested and when defendants tightened the handcuffs placed on plaintiff.

34.     Plaintiff was held without just cause and did not consent to the confinement.

35.     Plaintiff spent over 24 hours in jail and was aware of his confinement.

36.     Plaintiff was then released by the judge on ROR.

37.     As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive force, unlawful search and seizure and unlawful imprisonment were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Denial of Right to Fair Trial)

38.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

39.     Defendants fabricated probable cause and detained plaintiff.

40.     Defendants then arrested plaintiff and had him transported to the 34th precinct.

41.     The false fabricated charge denied plaintiff the right to a fair trial or a hearing.

42.     As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Deliberate Indifference to Medical Needs)

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44.     Plaintiff is a 74 year old man who has never been arrested before.

45.     Plaintiff is a diabetic and also suffers from hyper-tension.

46.     When plaintiff arrived at the precinct, he informed the defendant arresting officer that he suffered from these chronic conditions.

47.     Defendant ignored plaintiff.

48.     Plaintiff told defendant Herrera and other Richard Roe defendants that he needed to take his pills or eat something because the arrest was causing him to suffer the effects of being a diabetic.

49.     In addition, plaintiff informed them that he was suffering from hyper-tension and that he needed medical care.

50.     Plaintiff's wife arrived at the precinct with his medications and food and begged the defendants to give the medication and food to the plaintiff.

51.     However, the defendants simply ignored plaintiff and his wife.

52.     Instead of giving proper and timely medical attention to plaintiff, defendants dragged him to Court at 3 a.m. not to drag him back because the "court was closed."

53.     Throughout this time, defendants had the opportunity to attend to plaintiff's medical needs but chose not to.

54.     Defendants were deliberately indifferent to plaintiff's medical needs.

55.     As a result of defendants' action or inaction, plaintiff needlessly suffered physically and emotionally.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57.     Defendants targeted Plaintiff and falsely accused him of crimes and arrested and prosecuted him because of his race, ethnicity and color.

58.     Defendants intentionally discriminated against plaintiff and in so doing denied that the full and equal benefits and equal protection under the laws.

59.     As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Conspiracy under Section 1985)

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

61.     Defendants targeted plaintiff and conspired with each other to deprive plaintiff of his civil rights and equal protection under the laws.

62.     The individual defendants knew that plaintiff had not stolen defendant Olga's phone but in an effort to cover-up their tracks, they falsely accused plaintiff of petit larceny.

63.     In addition, defendant Olga and John Doe husband found her phone inside of her car but failed to notify the other defendants that plaintiff had not committed a crime.

64.     Defendants did so because they knew they had falsely sworn out a complaint against plaintiff and recanting it would subject them to perjury and prosecution.

65.     In order to benefit themselves, the defendants kept the fact that the phone was not stolen to themselves and this led to the continued arrest and prosecution o plaintiff.

66.     As a result, plaintiff suffered constitutional injuries.

## AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

67.     Plaintiff repeats, reiterates  and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

68.     Upon information and belief, Defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff's rights.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

69.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

70.     Plaintiff's physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

71.     As a result, plaintiff suffered injuries.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

73.     Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN NINTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

75.     As a result of the foregoing, Plaintiff was subjected to malicious abuse of process by the defendants which led to him to being dragged, detained, and arrested simply for the defendants to to cover-up their own misdeeds and in so doing caused plaintiff harm without any excuse or justification.

## AS AND FOR A TENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

77.     The aforementioned conduct was committed by Defendants while acting within the scope and furtherance of their employment by Defendant City.

78.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency, was intentional and for the sole purpose of causing severe emotional distress to Plaintiff and shocks the judicial conscience.

79.     As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

80.     As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Municipal/*Monell* Liability)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

82.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

83.     Defendant City has failed to properly train individual defendants as to what constitutes a crime or probable cause that is needed to make an arrest for petit larceny.  In addition, defendant City fails to adequately discipline the employees of the NYPD for acting in unlawful manner.

84.     Because of the lack of training on the law, individual defendants arrest innocent citizens like plaintiff for the charge of petit larceny even though they have no reason, let alone probable cause to arrest and initiate and continue malicious prosecution against the arrested individuals.

85.     In addition, NYPD officers always face situation where a person who suffers from conditions, like the plaintiff, always ignore the pleas for medical treatment unless the injury is visible and turn a blind-eye to the suffering of the arrestees.

86.     Defendant City is aware that most of its officers would encounter

situations presented in the foregoing paragraphs but have turn a blind-eye to them and have been deliberately indifferent to their constitutional rights.

87.     The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policy and or is deliberately indifferent to its effect on innocent individuals.

88.     As a result of the deliberate indifference, plaintiff suffered injuries.

### AS AND FOR A TWELVTH CAUSE OF ACTION
(Malicious Prosecution)

89.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

90.     Defendants knew that by filing false charges against Plaintiff, he would very likely be held in custody, have to endure numerous court appearances, and the expense of hiring an attorney and despite such belief, the Defendants fabricated evidence that plaintiff was engaged in criminal activity.

91.     Due to Defendants' actions, Plaintiff was deprived of life and liberty interest for over nearly two years.

92.     Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff, failed to drop them, or inform the District Attorney's office of the falsity of the charges and instead pursued the charges knowing full well that the charges were not only false but trumped up, and fabricated by the defendants.

93.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and he was subjected to violation of her state and federal rights.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       May 31, 2016

PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
       Robert Blossner, Esq. (RB0526)
       Vik Pawar, Esq. (VP9101)
       *Attorneys for Plaintiff*